IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOYCE L. JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) No. 07-4094-CV-W-DW-SSA<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | |

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**

Before the Court is Plaintiff's motion to proceed *in forma pauperis* (Doc. 1). For the following reasons, the motion is granted.

The process for determining whether a plaintiff should be granted leave to proceed *in forma pauperis* consists of two steps. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). Id. If the plaintiff qualifies by economic status, then the court grants the application to proceed *in forma pauperis*, but must immediately also decide whether the action must be dismissed because it is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), fails to state a claim upon which relief may be granted, § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, § 1915(e)(2)(B)(iii). See Stewart, 691 F.2d at 857.

Title 28 U.S.C. § 1915(a)(1) provides that a court may "authorize the commencement ... of any suit...without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor." In analyzing the plaintiff's economic status, the Court is guided by Local Rule 83.7's admonition that court fees and costs should not "cause the applicant to give up the basic necessities of life." Local Rule 83.7(4).

Here, Plaintiff's affidavit of financial status, as amended, clearly establishes that her monthly income is insufficient to meet her monthly expenses. After consideration of Plaintiff's current income, expenses and assets, the Court is convinced that Plaintiff will be deprived of the "basic

necessities of life" if she is required to pay the fees and costs to proceed with this suit. Therefore, Plaintiff qualifies economically to proceed *in forma pauperis*.

Having found that Plaintiff's financial status justifies *in forma pauperis* status, the Court must decide the second prong of the Martin-Trigona test—whether this action must be dismissed because it is frivolous or malicious, fails to state a claim, or demands money damages of an immune defendant. 28 U.S.C. § 1915. In the Complaint, Plaintiff asks the Court to review a decision by the Commissioner of the Social Security Administration denying her disability benefits. On its face, Plaintiff's action does not appear non-colorable. Consequently, Plaintiff has satisfied 28 U.S.C. § 1915 and the Martin-Trigona test and may proceed *in forma pauperis* against the defendant.

It is ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is GRANTED,
2. Plaintiff's counsel shall be responsible for electronically filing the complaint within 15 days of this Order, and
3. Plaintiff shall be responsible for serving process pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Date:   June 14, 2007                                       /s/ Dean Whipple
                                                                                        Dean Whipple
                                                                                United States District Judge